**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HASSAN BYE JAGNE,

*Petitioner,*

v. No. 2:26-cv-02226-SMD-JFR

WARDEN OF THE OTERO COUNTY PROCESSING CENTER, *et al.*,

*Respondents.*

**ORDER**

THIS MATTER is before the Court on Petitioner Hassan Jagne's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1 (the "Petition"). Respondents filed a Response to the Petition on July 27, 2026. Doc. 6 (the "Response"). Petitioner filed a Reply on August 4, 2026. Doc. 9 (the "Reply"). On July 29, 2026, Respondents filed an Emergency Motion to Quash the Court's Order Enjoining Transfer, requesting that the Court lift the restrictions on Petitioner's transfer and removal. Doc. 7 (the "Emergency Motion"). Petitioner filed an Opposition on August 3, 2026. Doc. 8 (the "Opposition"). After the Court ordered additional briefing (Doc. 11), Respondents filed a Supplemental Report (Doc. 12) and an accompanying Motion to Seal (Doc. 13). Petitioner filed a Reply to the Supplemental Report. Doc. 15 (the "Supplemental Reply").

The Court has reviewed the Petition, the Response, the Reply, the Emergency Motion, the Opposition, the Supplemental Report, the Supplemental Reply, the record, and the relevant law. For the reasons below, the restrictions on Petitioner's transfer and removal are **LIFTED**. Respondents shall either remove Petitioner from the United State through lawful means by December 18, 2026, or **RELEASE** him from custody without any new conditions of supervision.

## BACKGROUND

The Court will summarize the relevant facts below. Petitioner is a citizen of The Gambia who entered the United States either on July 1, 1993, or January 13, 1995, on a B-2 visitor visa. On August 12, 1998, an immigration judge granted voluntary departure. Upon Petitioner's failure to depart by December 10, 1998, the order converted to a removal order. On December 19, 2008, immigration officials apprehended Petitioner at his residence. He was released on an order of supervision ("OOS") in February 2010. During his detainment from December 2008 to February 2010, immigration officials failed to obtain travel documents from The Gambia. Additionally, The Gambia refused travel documents repeatedly in the years after Petitioner's release on OOS. Petitioner was re-detained on March 7, 2026, at an immigration check-in. Doc. 1 at 1-3; Doc. 6-1 at 2. Petitioner asserts that he complied with all check-in requirements, his OOS was revoked in violation of 8 C.F.R. § 241.13, and his removal is not reasonably foreseeable. Doc. 1 at 4, 6-8, 28-30.

On July 13, 2026, the Court ordered Respondents to answer the Petition and prohibited Respondents from transferring or removing Petitioner from the District of New Mexico while this action remained pending. *See* Doc. 3 ("July 13 Order"). In their Emergency Motion, Respondents state they now possess a travel document and removal is scheduled within the next two weeks, and request that the Court lift the restrictions imposed by the July 13 Order. *See* Doc. 7. Respondents attach a copy of the purported travel document from The Gambia, with the issuance date listed as June 18, 2026, and the expiration date as December 18, 2026. *See* Doc. 7-1. Petitioner challenges the authenticity of the travel document. *See* Docs. 8, 9. In addition, Petitioner states that, "[w]hatever the document shows today, it did not exist when ICE re-detained Petitioner, and it could not have supplied the changed circumstances that 8 C.F.R. § 241.13(i)(2)-(3) required at that

time." Doc. 8 at 3.

After the Court ordered additional briefing regarding Respondents' ability to remove Petitioner within the reasonably foreseeable future (Doc. 11), Respondents filed a Supplemental Report attaching the declaration of a deportation officer. In brief, the officer states that the travel document is valid and removal is possible by means of a flight. *See* Doc. 12-1. In his Supplemental Reply, Petitioner contests whether the deportation officer had knowledge regarding the authenticity of the travel document and again contests the validity of the document. *See* Doc. 15.

**LEGAL STANDARD**

An application for habeas corpus under 28 U.S.C. § 2241 may be granted where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for immigration detention unrelated to review of the merits of a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

Once an order of removal becomes administratively final, detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021). Section 1231 generally provides a ninety-day removal period. 8 U.S.C. § 1231(a)(1)(A). Certain noncitizens who have not been removed during that period may remain detained beyond it. *Id.* § 1231(a)(6).

Section 1231(a)(6), however, does not authorize indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."

*Id.* And as detention continues, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

## DISCUSSION

As a preliminary matter, Petitioner states that he was not served with Respondents' Motion to Seal. Doc. 15 at 2 n.1. Thus, Respondents will be directed to serve their Motion to Seal (Doc. 13) upon Petitioner or otherwise indicate that service was effected.

Petitioner has presently been detained for over eight months. His order of removal became final in 1998. Respondents filed their Emergency Motion on July 29, 2026, when Petitioner had been detained for almost five months. Petitioner had been detained for approximately 15 months from late 2008 to early 2010.

Respondents submit sworn evidence stating that they possess a valid travel document and means to remove Petitioner. *See* Doc. 12. The Court acknowledges that Respondents filed their Emergency Motion during the presumptively reasonable period of detention, if the prior period of detention from 2008 to 2010 is not counted. *See Zadvydas*, 533 U.S. at 701. The record shows that Petitioner filed a prior petition in the Middle District of Florida, which was denied without prejudice on April 28, 2026. *See Jagne v. Warden*, Case No. 2:26-cv-00734-KCD-NPM (M.D. Fla.), Doc. 15. The court noted that Petitioner's due process claim under *Zadvydas* was not yet ripe and included a discussion regarding the treatment by courts as to whether prior instances of post-removal detention counted toward the presumptively reasonable limit. *See id.*

Here, Respondents do not address Petitioner's claim that revocation of his OOS was in violation of 8 C.F.R. § 241.13 and the record shows that the travel document at issue was not obtained until after his detainment. *See* Docs. 6, 7; *see also Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 783 (D. Minn. 2025) (providing an extensive discussion of the statutory language of 8 C.F.R.

§ 241.13 and resulting requirements, and collecting cases, noting "[e]very case we have found discussing the 'reasons for revocation' treats them as the specific facts supporting ICE's decision"). However, the Court may not interfere with the implementation of a final, fully executable order of removal. *See Ibarra-Lopez v. Lyons*, No. 1:26-cv-01799-JLT-EPG, 2026 WL 2428026, at *2 (E.D. Cal. Aug. 19, 2026) (lifting no-transfer order and noting that, despite respondents' failure to comply with 8 C.F.R. §§ 241.13(i), petitioner was imminently removable due to declination by appellate court to stay removal); *Saeturn v. Andrews*, No. 1:26-cv-06560-JLT-SAB, 2026 WL 2836754, at *4 (E.D. Cal. Sept. 22, 2026) ("This alters the legal landscape because even if Petitioner's initial re-detention was *ultra vires*, the government can nonetheless detain Petitioner to initiate his imminent removal.").

Because Respondents have made a showing that there is a significant likelihood of removal in the reasonably foreseeable future, the Court will permit Respondents an opportunity to act on these representations. The present restriction prevents Respondents from transferring or removing Petitioner and therefore prevents the Government from attempting the removal described in its filings. That evidence materially distinguishes this case from one in which removal remains merely speculative. *Cf. Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (concluding that detention did not raise the prospect of indefinite detention where travel documents had issued and removal efforts were ongoing). At the same time, Petitioner has already been detained for over eight months, not counting any prior periods of detention, and "as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. Petitioner's detention cannot continue indefinitely based on a removal that remains only prospective.

The Court's July 13 Order currently prevents Respondents from acting on the removal process as described in their filings. The Court will therefore lift that restriction and afford Respondents a limited period to effectuate Petitioner's removal. Respondents shall have until the day the travel document expires, *i.e.* December 18, 2026, to remove Petitioner from the United States through lawful means or, if they do not do so, to release Petitioner from custody without any new conditions of supervision.

**CONCLUSION**

Accordingly, it is hereby **ORDERED**:

1) No later than November 16, 2026, Respondents **SHALL** serve their Motion to Seal (Doc. 13) upon Petitioner and file proof of service, or otherwise indicate that service was effected;

2) The restriction on Petitioner's transfer and removal imposed by the Court's July 13, 2026, Order (Doc. 3) is **LIFTED**;

3) No later than December 18, 2026, Respondents shall either (1) **REMOVE** Petitioner from the United States through lawful means; or (2) **RELEASE** Petitioner from custody without any additional conditions or restraints beyond those that existed before Petitioner's unlawful detainment;

4) No later than December 21, 2026, Respondents **SHALL FILE** a notice of compliance informing the Court whether Petitioner has been removed to The Gambia or released from custody in compliance with this Order;

5) In the event of release, Respondents **SHALL** provide Petitioner with all personal belongings and facilitate Petitioner's transportation from the detention

facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;

6) In the event of release, Respondents **SHALL NOT** re-detain Petitioner absent compliance with all applicable regulations, including 8 C.F.R. § 241.13, and with any change in circumstances showing that his removal is reasonably foreseeable supported by, for instance, communications from a foreign government agreeing to accept him, the procurement of travel documents, and a credible anticipated timeline for removal;

7) In the event of release, Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

8) The Court retains jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**